**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Holly Vesely,<br><br>               Plaintiff,<br><br>v.<br><br>Michael J. Astrue,<br>Commissioner of the Social Security Administration,<br><br>               Defendant. | No. CV-12-01215-PHX-DGC<br><br>**ORDER** |

On November 11, 2012, Holley Vesely ("Plaintiff" or "the claimant") filed an opening brief challenging the Commissioner's denial of her application for Social Security benefits. Doc. 13. The Commissioner filed a response on December 19, 2012 (Doc. 16), and Plaintiff filed a reply on January 3, 2013 (Doc. 17). For the reasons that follow, the Court will deny Plaintiff's appeal.

**I.     Factual Background.**

Plaintiff filed applications for disability insurance benefits and supplemental security income in September 2005, alleging a disability onset date of June 16, 2005. Her initial applications were denied twice and she requested a hearing before an administrative law judge ("ALJ"). The hearing was held on January 18, 2011, and the ALJ issued a decision on March 9, 2011, finding Plaintiff not disabled within the meaning of the Social Security Act. Tr. at 22-47. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making it the final decision of the Commissioner. Tr. at 1-5.

**II.    Legal Standard.**

Defendant's decision to deny benefits will be vacated "only if it is not supported by substantial evidence or is based on legal error." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In determining whether the decision is supported by substantial evidence, the Court must consider the record as a whole, weighing both the evidence that supports the decision and the evidence that detracts from it. *Reddick v. Charter*, 157 F.3d 715, 720 (9th Cir. 1998). If there is sufficient evidence to support the Commissioner's determination, the Court cannot substitute its own determination. *See Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990).

**III.    Analysis.**

For purposes of Social Security benefits determinations, a disability is

> the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

20 C.F.R. § 404.1505.

Determining whether a claimant is disabled involves a five-step evaluation. The claimant must show (1) he is not currently engaged in substantial gainful employment, (2) he has a severe physical or mental impairment, and (3) the impairment meets or equals a listed impairment or (4) his residual functional capacity ("RFC") precludes him from performing his past work. If at any step the Commission determines that a claimant is or is not disabled, the analysis ends; otherwise it proceeds to the next step. If the claimant establishes his burden through step four, the Commissioner bears the burden at step five of showing that the claimant has the RFC to perform other work that exists in substantial numbers in the national economy. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v).

The ALJ found that Plaintiff has not engaged in substantial gainful employment since the disability onset date of June 16, 2005, and that she suffers from "lung cancer

status-post treatment, obesity, osteoarthritis of the knees status-post knee replacement, and depression secondary to her physical condition." Tr. at 26.  The ALJ found the combination of those impairments severe, satisfying step two. *Id*.  At step three, the ALJ reviewed the record and found that Plaintiff did not have an impairment or combination of impairments that meets or equals the severity of one of the impairments listed in the regulations.  *Id.*  The ALJ found that the claimant's RFC precluded him from all work activity from June 16, 2005, through October 1, 2006, meaning she could not perform any of her past relevant work and that there were no jobs that existed in significant numbers in the national economy that Plaintiff could have performed.  Tr. at 26-27.

The ALJ found that medical improvement occurred as of October 2, 2006.  Tr. at 28.  Post-improvement, the ALJ found that the claimant still had no conditions that met or equaled the impairments listed in the regulations.  Tr. at 28.  The ALJ concluded that beginning on October 2, 2006, the claimant had an improved RFC that permitted her to perform unskilled, sedentary work with a few additional limitations.  Tr. at 30.  The new RFC still precluded her from her past relevant work, but the ALJ found that the claimant was able to perform work in jobs that exist in significant numbers in the national economy.  Tr. at 39.  Accordingly, the ALJ found Plaintiff not disabled as of October 2, 2006.  Tr. at 40.

Plaintiff's brief raises two primary objections to the Commissioner's final decision.  First, after the ALJ issued his decision, Plaintiff submitted additional evidence in the form of a statement from Dr. Russo that she met the criteria for one of the impairments listed in the regulations.  Plaintiff argues that the Appeals Council committed error by either not considering or not properly discounting Dr. Russo's statement when it adopted the ALJ's opinion as the Commissioner's final decision.  Second, Plaintiff argues that the ALJ improperly rejected her subjective testimony.

**A.     Dr. Russo's Statement.**

After the ALJ issued his decision, Plaintiff submitted to the Appeals Council a one-page questionnaire completed by Dr. Russo on July 6, 2011, which indicated that

1 Plaintiff's knees met the 1.02 listing for "major dysfunction of joints characterized by
2 gross anatomical deformity" from May 2008 through September 2009. Tr. 438. Where,
3 as here, the claimant submits new evidence to the Appeals Council, it "shall consider the
4 additional evidence only where it relates to the period on or before the date of the . . .
5 hearing decision . . . then review the case if it finds that the administrative law judge's
6 actions, findings, or conclusion is contrary to the weight of the evidence currently of
7 record." 20 C.F.R. § 404.970(b).

8 The Appeals Council denied review and adopted the ALJ's opinion despite the
9 additional evidence from Dr. Russo. In the Ninth Circuit, the opinion of a treating
10 physician is entitled to special weight, and, when uncontradicted, can only be discounted
11 for clear and convincing reasons. *Rodriguez v. Bowen*, 876 F.2d 759, 762 (9th Cir.
12 1989). When the opinion of a treating physician is contradicted, it can be discounted for
13 specific, legitimate reasons based on substantial evidence. *Id.* Plaintiff argues that the
14 additional evidence demonstrates that she met the 1.02 listing and that the Commissioner
15 did not provide "specific and legitimate reasons or clear and convincing reasons" for
16 rejecting Dr. Russo's opinion. Doc. 13 at 18.

17 Formerly, the requirement to provide specific and legitimate reasons for rejecting
18 the opinion of a treating physician seemed to apply to both the ALJ and the Appeals
19 Council. *See Ramirez v. Shalala*, 8 F. 3d 1149, 1452 (9th Cir. 1993) ("Neither the ALJ
20 nor the Appeals Council gave any reason – let alone a "specific, legitimate" reason based
21 on substantial evidence – for disregarding the [the treating physician's diagnosis] . . .We
22 conclude that both the ALJ and the Appeals Council improperly disregarded [the treating
23 physician's] opinion."). In *Taylor v. Comm'r of Soc. Sec.*, 659 F.3d 1228, 1231-32 (9th
24 Cir. 2011), however, the Ninth Circuit appears to have changed its approach, holding that
25 a claimant's request that the Appeals Council provide a detailed rational for declining
26 review would be barred by *Gomez v. Chater*, 74 F.3d 967 (9th Cir.), *cert. denied*, 519
27 U.S. 881 (1996) (holding that the Appeals Council is not required to make any
28 evidentiary finding when it rejects evidence from a vocational expert that is submitted

after the ALJ's decision).  *Taylor* provides the standard of review under these circumstances and requires the Court to consider the post-hearing testimony of a treating physician as part of the Court's overall review of whether the ALJ's decision is supported by substantial evidence and free of legal error.  659 F.3d at 1232.

The ALJ opined that the claimant did not meet or equal any of the listings in the regulations.  Tr. at 26, 28.  That finding was based in part on the fact that "no treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment."  Tr. at 26.  Plaintiff contends that the new statement by Dr. Russo undermines that statement and should lead to a remand for an award of benefits.

The ALJ did more, however, than merely state that plaintiff did not meet any of the listings.  He cited a great deal of evidence from the record supporting his conclusion that the condition of Plaintiff's knees was not disabling from October 2, 2006 through September 2009.  For example, the ALJ cited a treatment note from Dr. Waslewski from the Arizona Sports Medicine Center dated November 21, 2007, which states that Plaintiff only occasionally required medication for her knee pain.  Tr. at 33 (citing Exhibit 27F); *see* Tr. at 846.  The ALJ notes a letter dated March 2008 from Dr. Wendt that indicated the claimant was "being successfully weaned from narcotics for her chronic pain."  Tr. at 33 (citing Exhibit 30F); *see* Tr. at 868.

The ALJ also engaged in an extensive review of Exhibit 12F and 27F which contain the treatment notes and physical exams related to Plaintiff's knees.  Tr. at 34; *see* Tr. at 721-24, 843-49.  The notes suggest that while Plaintiff experienced knee pain, she had a normal gait without assistive devices and showed no additional pain with joint manipulation.  *Id*.  The ALJ noted that the claimant had a right total knee arthroplasty in 2008, and records from her physical therapy sessions for that knee from October 16, 2008, through December 29, 2008, show that physical therapy was largely successful.  Tr. at 34 (citing Exhibit 33F); *see* Tr. at 907-16.  The last note from that series of sessions stated that she had made significant progress.  Tr. at 916.  Additionally, the ALJ pointed to a treatment note from Dr. Russo – the same physician who submitted the additional

1   post-decision evidence – dated April 20, 2009, stating that the claimant had the right knee
2   arthroplasty and "had done well with that."  Tr. at 34 (citing Exhibit 35F); *see* Tr. at
3   1149.  The ALJ also cited the treatment notes from Plaintiff's physical therapy after her
4   left knee replacement and noted that "she continued to improve function with
5   rehabilitation therapy."  Tr. at 34 (citing Exhibit 37F); *see* Tr. 1175-91.

6   Significantly, the ALJ notes the Medical Assessment of Ability to Do Work-
7   Related Physical Activities from treating physician Dr. Wendt.  Tr. at 37 (citing Exhibit
8   11F); *see* Tr. 677-718.  Dr. Wendt had seen the claimant starting on July 1, 2005, and his
9   last visit with her before completing the assessment was on October 20, 2006.  Tr. at 677.
10  The ALJ noted Dr. Wendt's conclusions that that the claimant "could lift and/or carry 10
11  lbs. occasionally and 20 lbs. frequently, stand or walk about 2-3 hours in an 8-hour
12  workday with no limits with sitting and no need for an assistive device for ambulation."
13  Tr. at 37 (citing Exhibit 11F); *see* Tr. at 677-678.  The ALJ noted similar, non-restrictive
14  findings in the assessments of Dr. Sue (dated October 26, 2006) and Dr. Biggs (dated
15  November 10, 2006).  Tr. at 37 (citing Exhibits 14F and 18F); *see* Tr. at 737-57; 787-89.
16  These conclusions also accorded with those of Nick J. Mansour, a state agency medical
17  evaluator.  Tr. at 38 (citing Exhibit 19F); *see* Tr. at 790-97.

18  *Taylor* requires the Court to consider whether adding the new statement – Dr.
19  Russo's one-page assessment that Plaintiff met a listing – to the record leads to the
20  conclusion that the ALJ's decision was not based on substantial evidence. 659 F.3d at
21  1232.  The ALJ found that the Plaintiff did not meet a listing and that she had the RFC to
22  perform sedentary work.  Tr. at 28-40.  The Court finds that the ALJ engaged in a
23  detailed review of the record and that his finding that claimant's knees were not a
24  disabling condition (and consequently did not meet a listing) from October 2, 2006
25  through September 2009 was based on substantial evidence.  The introduction of Dr.
26  Russo's additional statement does not alter the record enough to overcome the weight of
27  the treatment notes, therapy notes, objective tests, and other physician's opinions that the
28  ALJ meticulously presented.

## B. Subjective Pain Testimony.

The ALJ must engage in a two-step analysis to evaluate the credibility of a claimant's subjective testimony. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). If the claimant meets this first test, and there is no evidence of malingering, then the ALJ "can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996). "The ALJ may consider at least the following factors when weighing the claimant's credibility: claimant's reputation for truthfulness, inconsistencies either in claimant's testimony or between her testimony and her conduct, claimant's daily activities, her work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which claimant complains." *Thomas*, 278 F.3d at 958-59 (citing *Light v. Soc. Sec. Admin.*, 119 F.3d 789,792 (9th Cir. 1997)).

Here, the ALJ found that the "medically determinable impairments could reasonably be expected to produce only some of the alleged symptoms." Tr. at 33. The ALJ found that Plaintiff's statements "concerning the intensity, persistence and limiting effects of these symptoms are not credible beginning on October 2, 2006, to the extent that they are inconsistent with the [RFC]." Tr. at 33.

Given his detailed discussion of the evidence as recounted above, the Court concludes that the ALJ provided "specific, clear and convincing reasons" for discounting the extent of Plaintiff's subjective pain testimony. *Smolen*, 80 F.3d at 1282. Not only did the ALJ cite the opinions of multiple physicians who found very few limitations on the Plaintiff's activity (Tr. at 677-78, 737-57, 787-97), he also cited Plaintiff's report to her physician that she only occasionally required pain medication in November 2007 (Tr. at 846) and a physician's statement that she was being successfully weaned off pain

medication in 2008 (Tr. at 868).  Tr. at 33.  The Court concludes that the ALJ properly discounted Plaintiff's subjective pain testimony to the extent that it conflicted with the RFC.

**IT IS ORDERED** that the Plaintiff's appeal of the Commissioner's decision (Doc. 13) is **denied.**

Dated this 27th day of February, 2013.

David G. Campbell
United States District Judge