**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Holly Vesely,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Michael J. Astrue, Commissioner of the Social Security Administration,<br><br>　　　　　Defendant. | No. CV-12-01215-PHX-DGC<br><br>**ORDER** |

On February 27, 2013, the Court issued an order denying Plaintiff's appeal of the Commissioner's social security decision. Doc. 18. Plaintiff has filed a motion for reconsideration. Doc. 19. She argues that the Court's finding that the Commissioner's decision was based on substantial evidence is error because the evidence cited by the Administrative Law Judge ("ALJ") originated outside of the time period for which she claimed to meet Listing 1.02A. The Court will deny the motion.

Motions for reconsideration "are 'disfavored' and will be granted only upon a showing of 'manifest error' or 'new facts or legal authority that could not have been raised earlier with reasonable diligence.'" *In re Rosson*, 545 F.3d 764, 769 (9th Cir. 2008) (citation and brackets omitted). Here, Plaintiff claims that Dr. Russo's opinion – submitted after the ALJ issued his opinion – is uncontroverted evidence that Plaintiff met the 1.02A listing from May 19, 2008 through July 2009. Because she claims it is uncontroverted, Plaintiff argues that it was error for the Court to find that the ALJ's decision was based on substantial evidence.

The ALJ had reason to cite evidence from outside the range of dates mentioned in Dr. Russo's opinion because the scope of the original disability claim was not limited to May 2008 through July 2009. Plaintiff wrongly suggests that the ALJ cited no evidence from the relevant time period that runs contrary to Dr. Russo's opinion. As the Court observed in its previous order:

> The ALJ noted that the claimant had a right total knee arthroplasty in 2008, and records from her physical therapy sessions for that knee from October 16, 2008, through December 29, 2008, show that physical therapy was largely successful. Tr. at 34 (citing Exhibit 33F); *see* Tr. at 907-16. The last note from that series of sessions stated that she had made significant progress. Tr. at 916.

Doc. 18 at 5. Additionally, the ALJ cited a statement by Dr. Russo in which he observed that Plaintiff had "done well" with her right knee anthroplasty and notes from physical therapy showing that she continued to improve function. *Id*. at 5-6.

Plaintiff states that Dr. Russo's opinion was corroborated by treatment notes from The Center for Pain and Supportive Care. Tr. at 1211-1220.[1] While these notes evidence pain, they are not unequivocal evidence that Plaintiff met listing 1.02A. 20 C.F.R. pt. 404, subpt. P, app.1 § 1.02A (detailing the requirements to meet the listing, including gross anatomical deformity and major dysfunction). At one visit in December 2008, Plaintiff reported that her pain was under "fair control." Tr. at 1208. During several visits Plaintiff claimed that her ability to perform work activities "had not changed" (Tr. at 1208, 1215), and at a September 24, 2008, visit she reported that her ability to work had improved (Tr. at 1218). She also stated during a November 11, 2008 visit that she participated in biking, cardio, and yoga. Tr. at 1211. Other portions of the notes contain evidence that could be used to support a different conclusion, but it is not for this court to re-weigh the evidence that was before the ALJ.

This case required the Court to consider whether the decision of the ALJ was

---

[1] Plaintiff refers to paragraph 25 of her "statement of facts" that appears in her opening brief. That paragraph only cites Tr. 1211-1220. The relevant notes from The Center for Pain and Supportive Care are in Exhibit 38F and begin at Tr. 1192. The Court considered the notes from the entire exhibit.

1. supported by substantial evidence even after the introduction of the additional evidence
2. that the ALJ did not have the opportunity to consider. *Taylor v. Comm'r of Soc. Sec.*, 659
3. F.3d 1228, 1232 (9th Cir. 2011). Plaintiff does not argue that the Court has applied the
4. wrong legal standard. The Court finds that the ALJ's decision, adopted as the
5. Commissioner's final decision, was based on "substantial evidence." *Robbins v. Soc.*
6. *Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) ("'Substantial evidence' means more than
7. a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a
8. reasonable mind might accept as adequate to support a conclusion.").

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Doc.19) is **denied**.

Dated this 15th day of March, 2013.

_____
David G. Campbell
United States District Judge